**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ANTHONY CRAIGG**                                                    **PETITIONER**

**VS.**                         **CASE NO. 5:14CV00288 DPM/HDY**

**RAY HOBBS, Director of the
Arkansas Department of Correction**                      **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Petitioner Anthony Craigg seeks habeas corpus relief pursuant to 28 U.S.C. §2254. He is in the custody of the Arkansas Department of Correction (ADC) as a result of his 2011 rape conviction following a jury trial in Washington County Circuit Court. He was sentenced, as an habitual offender, to life imprisonment. On appeal to the Arkansas Supreme Court, Mr. Craigg argued that the trial court erred by allowing the prosecution to introduce a 1998 Oklahoma conviction for lewd molestation into evidence. The appeal was unsuccessful. *Craigg v. State*, 2012 Ark. 387. The petitioner sought Rule 37 relief in state court. Following a hearing[1], the trial court denied relief. The Arkansas Supreme Court dismissed the appeal, finding "it is clear from the record that appellant could not prevail if an appeal were permitted to go forward." *Craigg v. State*, 2014 Ark. 71. The petitioner also sought, without success, permission to file a belated appeal in state court. The petition for federal habeas corpus relief was filed on July 10, 2014.

He advances the following claims for relief:

1.      The trial court erred in allowing the introduction of a highly prejudicial prior offense into evidence violating his right to a fair and impartial jury;

---

[1] At the outset of the Rule 37 hearing, Mr. Craigg described his claims as "the State failed to put on any testimony that's provided for the pedophile exception by the Rule 404(b) and that he trial court erred in allowing the 404(b) to come into evidence when the State had no testimony of why it was relevant under 404(b)." Docket entry no. 8, Respondent's Exhibit 9, page 133.

2.      The trial court and the Arkansas Supreme Court erred in ruling that the pedophile exception applied, which allowed for the introduction of the prior conviction;

3.      He received ineffective assistance of counsel when his attorneys failed to object, move to strike, or move for a mistrial based upon the lack of 404(b) evidence; and

4.      The Arkansas Supreme Court reconstructed petitioner's argument on direct appeal, depriving him of due process by failing to address his argument that the trial court erred when it admitted into evidence the prior conviction without any additional facts about the conviction.

The respondent contends these claims are without merit and/or procedurally barred. Specifically, the respondent contends grounds one and four were not raised as federal constitutional claims in state court and should be barred on that basis. Respondent contends ground two is procedurally barred due to the petitioner's failure to raise the claim on direct appeal. For the purpose of this Findings and Recommendation, we will liberally construe the pleadings and assume the grounds were adequately raised in state court, and consider the merits of the four arguments of Mr. Craigg. In considering this issue, we are guided by the following language of the Eighth Circuit Court of Appeals:

> In cases such as this, it might well be easier and more efficient to reach the merits than to go through the studied process required by the procedural default doctrine. Recent commentary points up the problems with the cause and prejudice standard:
>> [T]he decision tree for habeas review of defaulted claims is intricate and costly. . . . In essence, *Sykes* and *Strickland* require habeas lawyers and federal judges and magistrates to work through the equivalent of a law school exam every time a defendant tries to escape procedural default.

*McKinnon v. Lockhart*, 921 F.2d 830, 833 n.7 (8th Cir. 1990) (quoting Jeffries & Stuntz, *Ineffective Assistance and Procedural Default in Federal Habeas Corpus*, 57 U.Chi.L.Rev. 679, 690 (1990)).

**Trial Court error in admitting Oklahoma conviction into evidence:** On direct appeal, the petitioner challenged the admission of the Oklahoma conviction, and the Arkansas Supreme Court summarized the facts and addressed this issue in the following fashion:

3

A Washington County jury convicted appellant Anthony Craigg of rape and sentenced him to life in prison without the possibility of parole. On appeal, he argues that the trial judge erred by allowing the introduction of a prior offense into evidence under Arkansas Rule of Evidence 404(b). Because appellant was convicted of rape and sentenced to life imprisonment without parole, our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(a)(2). We affirm because the trial judge did not abuse his discretion in finding that appellant's prior conviction satisfied the pedophile exception to Rule 404(b).

On July 15, 2011, the State filed a felony information charging appellant with one count of rape and one count of failure to comply with sex offender registration requirements. Specifically, the State alleged that appellant engaged in oral sex with a victim who was physically helpless and unable to consent in violation of Arkansas Code Annotated section 5–14–103(a)(2) (Repl.2006). In an amended felony information, the State dropped the failure-to-register count and added a habitual-offender enhancement under Arkansas Code Annotated section 5–4–501 (Repl.2006).

On November 4, 2011, appellant filed a motion to determine the admissibility of his prior conviction in Oklahoma for lewd molestation during trial and for purposes of penalty enhancement. On November 21, 2011, the trial judge held a hearing on appellant's motion.

The first witness to testify was Detective Gregory Samuels of the Fayetteville Police Department. Samuels interviewed the fourteen-year-old victim, J.P., during the early morning hours of June 11, 2011, and summarized J.P.'s account of what happened between him and appellant as follows. J.P. explained that he had known appellant for about a month, and although they were not "friends," the two shared a common interest in scooters. On June 10, 2011, J.P. and appellant spent most of the afternoon working on appellant's scooter. Later that evening, J.P. and appellant decided to go camping. They set up a campsite at a wooded area on the south end of Fayetteville, which was not visible from nearby roads. At some point, J.P. fell asleep and awoke to find his shirt pulled up, his pants pulled down, and appellant leaning over him performing oral sex on him. J.P. then struck appellant's face with his knee, got up, grabbed appellant's shirt, wallet, and shoes, and ran to a nearby house to call the police.

The second witness to testify was Shannon Cozzoni, formerly a prosecutor in Creek County, Oklahoma, who prosecuted appellant for lewd molestation in 1998. Cozzoni's testimony was as follows. Some time in 1995, appellant was visiting the victim's mother's home and began "playing barbies" with the four-year-old victim in her bedroom. The victim's mother and possibly one other adult were in the home, but were asleep in another part of the house. The victim claimed that during their play session appellant pulled her pants down and "licked her pee-pee." Appellant was charged under a statute which provides that it is a felony to knowingly and intentionally "look upon, touch, maul, or feel the body or private parts of a child under 16 in a lewd and lascivious manner." [footnote omitted] Appellant pled guilty to this charge and was sentenced to twenty years' imprisonment with the first ten

suspended.

During oral argument before the trial judge, appellant claimed that his prior conviction was inadmissible under Arkansas Rule of Evidence 404(b). [footnote omitted] Specifically, appellant maintained that his prior conviction did not fall within any exception to Rule 404(b) because it had no independent relevance to the crime charged. He further contended that the pedophile exception was inapplicable because there was insufficient similarity between the two incidents, a significant amount of time had passed since the first incident, and there was no evidence that appellant had an intimate relationship with either victim.

The State, on the other hand, argued that appellant's prior conviction fit within the pedophile exception to Rule 404(b) because in each instance appellant engineered his assault by getting his victims alone and engaging them based on common interests. The State further pointed out that the nature of the assault was the same because appellant performed oral sex on both victims.

At the close of the hearing, the trial judge told the parties that he needed more time to review the received exhibits and instructed them to submit briefs on the issues raised during the hearing. The judge indicated, however, that his inclination was to allow the State to introduce the conviction at trial. The State filed its post-hearing brief on November 23, 2011, and appellant filed a response on November 28, 2011.

At the December 1, 2011 pretrial hearing, the judge issued his formal ruling denying what he construed to be appellant's motion in limine to prohibit the State from introducing his prior conviction. The judge explained as follows.

> I have concluded that the conviction is admissible and the State will be permitted to offer that in evidence and I came to that conclusion because I feel as though that conviction, certainly as the case law indicated, helps prove the depraved sexual instinct of the accused. I have concluded that the probative value of that evidence clearly outweighs any prejudicial effect and that the evidence will be admissible to show motive, intent, or plan under 404(b) exception. I realize that, well, to me the evidence is relevant on these particular issues, so that's my ruling.

Appellant then reiterated his objection to this evidence and stated that any discussion of the conviction with the panel during voir dire should not waive his continuing objection.

At trial, the State called David Max Cook, who was the Creek County, Oklahoma District Attorney in 1998. Cook authenticated a certified photocopy of the judgment and sentence in appellant's case dated April 10, 1998. Cook testified that he charged

appellant under the aforementioned lewd molestation statute and that appellant pled guilty prior to his nonjury-trial setting. Appellant successfully prohibited the State from adducing the age of the Oklahoma victim and the details of appellant's assault through a timely and sustained Confrontation Clause objection to such inquiry. At the conclusion of the State's direct examination of Cook, and over appellant's continuing objection to the applicability of the pedophile exception to his prior conviction, the trial judge admitted the judgment and sentence into evidence.

In addition to Cook, the State put on the testimony of Donald Stanfield, the homeowner who allowed J.P. into his home in the middle of the night on June 11, 2011, to call the police; Brianna Fields, a dispatcher with the Fayetteville Police Department who received J.P.'s 911 call; Paula Elvins, J.P.'s mother; Bain Potter, a corporal with the Fayetteville Police Department who responded to J.P.'s call at Stanfield's residence; Sarah Peace and James Jennings, officers with the Fayetteville Police Department who apprehended appellant after he drove away from the campsite on the scooter; Daniel Robbins, an officer with the Fayetteville Police Department's Criminal Investigation Division who took numerous photographs of appellant, J.P., the crime scene, and the scooter; Gregory Samuels, the Special Investigations Unit Detective who interviewed appellant and J.P. at the Fayetteville Police Station and took DNA swabs from both; and J.P. himself, who testified as to what happened on June 10 and 11, 2011.

At the close of the State's case-in-chief, appellant moved for a directed verdict, which the trial judge denied. Appellant did not put on any evidence. Following closing arguments, the case was submitted to the jury, which found appellant guilty of rape.

During the penalty phase, the State put on testimony from J.P.'s counselor and appellant's parole officer, Ashley Harvey. [footnote omitted] Harvey testified that when she first asked appellant about his prior conviction, he told her that the victim was fourteen years old and not four years old. In a subsequent visit, however, appellant apologized for lying to Harvey, telling her that he did not want her to know the facts of his prior conviction because she was a pretty lady. Appellant's mother testified on his behalf.

Following closing arguments, the jury returned a sentencing verdict recommending a sentence of life imprisonment. The trial judge accepted the jury's recommendation and sentenced appellant to life without parole in the Arkansas Department of Correction. Judgment was entered on December 6, 2011, and a timely notice of appeal was filed on December 13, 2011.

On appeal, appellant argues that the trial judge erred by admitting his prior conviction under Arkansas Rule of Evidence 404(b). Rule 404(b) is entitled "Other Crimes, Wrongs, or Acts" and provides as follows.

Evidence of other crimes, wrongs, or acts is not admissible to prove

6

the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Ark. R. Evid. 404(b) (2012). The first sentence provides the general rule excluding evidence of a defendant's prior bad acts, while the second sentence provides an exemplary, but not exhaustive, list of exceptions to that rule. Hamm v. State, 365 Ark. 647, 652, 232 S.W.3d 463, 468 (2006) (citing White v. State, 290 Ark. 130, 717 S.W.2d 784 (1986)). We have explained that these exceptions inure because such evidence is independently relevant and does not merely establish that the defendant is a bad person who does bad things. Id. (citing Mosley v. State, 325 Ark. 469, 929 S.W.2d 693 (1996)).

Additionally, our cases have also recognized a separate "pedophile exception" to the general rule that evidence of a defendant's prior bad acts cannot be used to prove that the defendant committed the charged crime. Allen v. State, 374 Ark. 309, 316, 287 S.W.3d 579, 584 (2008). The pedophile exception allows the State to introduce evidence of the defendant's similar acts with the same or other children when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship. Id. at 316, 287 S.W.3d at 584–85. The rationale for this exception is that such evidence helps to prove the depraved sexual instinct of the accused. Id. at 316, 287 S.W.3d at 585.

For the pedophile exception to apply, there must be a sufficient degree of similarity between the evidence to be introduced and the charged sexual conduct. Id. at 317, 287 S.W.3d at 585. We also require that there be an "intimate relationship" between the defendant and the victim of the prior act. Id. Although our early jurisprudence on the pedophile exception required that the alleged victim of a prior bad act be a member of the defendant's family or household, modernly the State need only demonstrate a relationship close in friendship or acquaintance, familiar, near, or confidential. Id. Additionally, evidence admitted under Rule 404(b) must be temporally proximate, and we apply a reasonableness standard to determine whether a prior crime remains relevant despite the passage of time. Lamb v. State, 372 Ark. 277, 284, 275 S.W.3d 144, 150 (2008) (citing Nelson v. State, 365 Ark. 314, 323, 229 S.W.3d 35, 42–43 (2006)).

Finally, we note that the admission or rejection of evidence under Rule 404(b) is within the sound discretion of the circuit court and will not be reversed absent a manifest abuse of discretion. Hendrix v. State, 2011 Ark. 122, at 7, 2011 WL 1177219. Abuse of discretion is a high threshold that does not simply require error in the trial judge's decision, but requires that the trial judge acted improvidently, thoughtlessly, or without due consideration. Dixon v. State, 2011 Ark. 450, at 11, 2011 WL 5100896.

Appellant's principal point on appeal is that the pedophile exception is inapplicable to his prior conviction because the two offenses are factually dissimilar

and temporally improximate and because there was no evidence that he had an intimate relationship with either victim. The State, on the other hand, maintains that appellant's conviction was independently relevant to show appellant's motive, intent, preparation, or plan to rape J.P. and was also admissible under the pedophile exception as evidence of appellant's depraved instinct toward minors. Alternatively, the State contends that any evidentiary error related to appellant's prior conviction is harmless in light of the other evidence of appellant's guilt.

We begin by addressing appellant's argument that the crimes were dissimilar. In support of his position, appellant asserts that (1) one case involved a fourteen-year-old male, whereas the other case involved a four-year-old female; (2) one incident took place in a secluded wooded area away from other people, whereas the other incident took place inside the victim's home with the victim's mother and another adult in the house; and (3) one act was done while the victim was asleep, whereas the other act was done while the victim was awake.

The State counters that there were sufficient similarities to satisfy the pedophile exception because in each instance, appellant engaged his minor victims with common interests to get them alone, performed oral sex on them, and admonished them not to tell anyone after the crimes occurred.

The trial judge found that the prior conviction was probative of appellant's motive, intent, and plan to carry out the assault on J.P. We do not see a manifest abuse of discretion on this point. The attendant facts of appellant's prior conviction were that he began playing dolls with the victim in her bedroom away from her mother and other adults, pulled down her shorts and underwear, performed oral sex on her, and then told her not to tell her mother because she would be in trouble. Similarly, J.P. testified at trial that appellant worked on scooters with J.P., invited him to go camping and fishing, took him to a secluded area with no other adults present, pulled down his shorts, performed oral sex on him, and then threatened to kill J.P. if he left the campsite without him. Thus, in each case appellant placed himself in a position of authority, isolated the victim from parents or other adults while engaging the victim in a favored activity, removed the victim's pants, performed oral sex on the victim, and then told the victim not to tell. Finally, we are not persuaded that the difference in age and gender between the two victims renders the pedophile exception inapplicable. As discussed above, the pedophile exception governs evidence showing a proclivity towards a specific act with a person or class of persons. We have previously  explained that this "class of persons" includes all minor children and is not restricted to children of a specific age or gender. See, e.g., Swift v. State, 363 Ark. 496, 499–500, 215 S.W.3d 619, 621–22 (2005). Accordingly, we reject appellant's assertion that there were insufficient similarities between the two cases.

Next, we turn to appellant's argument that there was no evidence that he had an intimate relationship with the victims. With regard to the Oklahoma victim, appellant asserts that the trial judge had no basis to find that appellant had an intimate relationship with the four-year-old girl. He suggests that playing dolls with the victim while the victim's mother and another individual were in another room does

8

not establish the requisite closeness in relationship. With regard to J.P., appellant contends that the two were not friends, had only one previous interaction prior to June 10, and that there was no evidence that appellant was entrusted with J.P.'s care during the camping trip.

The State counters that there was ample evidence of intimate relationships. Specifically, the State observes that in the prior case, the victim was apparently left in appellant's care while her mother napped. In the present case, the State points out that appellant proposed the camping trip at a time when J.P. was left in the care of his sixteen-year-old sister and then took J.P. to a secluded campsite with no other adults present.

Again, we agree with the State. As previously noted, in both cases, appellant cultivated a relationship close in acquaintance based on common interests and enjoyed a position of authority over his victims. We abandoned any intra-family or same-household requirement long ago and will find an imitate [sic] relationship so long as there is an acquaintance or friendship that is familiar, near, or confidential. See Parish v. State, 357 Ark. 260, 270, 163 S.W.3d 843, 849 (2004). In each instance, appellant created a situation in which he held the position of a care-taking adult with attendant authority. This is all that is necessary, and we therefore conclude that there was sufficient evidence to support the trial judge's finding that appellant's prior conviction showed his proclivity to sexually abuse minors who are in his care.

Finally, we address appellant's argument that the two incidents, which are separated by seventeen years, are simply too remote to be admissible under Rule 404(b). Appellant suggests that the case of Efird v. State, 102 Ark.App. 110, 282 S.W.3d 282 (2008), is instructive on this point. In Efird, the defendant was convicted of repeatedly having anal intercourse with his minor stepdaughter. Id. at 113–14, 282 S.W.3d at 284. On appeal, our court of appeals reversed the trial court's decision to admit testimony from the defendant's half-brother that he and the defendant engaged in genital touching and oral sex seventeen years earlier. Id. at 114, 282 S.W.3d at 284. The court reasoned that the defendant's prior sexual acts with his half-brother, committed when they were between twelve and fourteen years old and sharing a bedroom, did not demonstrate any proclivity or instinct relevant to determining whether he raped a minor child. Id.

The State counters that the present case is distinguishable from Efird because both of appellant's victims were minors. It also reiterates that appellant's prior conviction was factually similar enough to the charged crime to allow the trial judge to find a relevant connection between the two.

The trial judge found that appellant's prior conviction, despite its age, tended to prove appellant's depraved sexual instinct. We agree. First, we have previously found sufficient temporal proximity in similar circumstances. E.g., Lamb v. State, 372 Ark. 277, 285, 275 S.W.3d 144, 150 (2008) (holding that defendant's prior sexual acts with children, which occurred almost twenty years before the charged crime, were not too remote in time to be relevant). Second, unlike the conduct analyzed in Efird,

the two assaults at issue here are factually similar in all relevant respects. In Efird, the court held that evidence of a defendant's adolescent sexual experimentation, even if incestual, was simply not relevant to determining whether he forcibly raped his minor stepchild almost two decades later. Efird, 102 Ark.App. at 114, 282 S.W.3d at 284. Here, appellant was charged with raping a minor child and his prior conviction was for the lewd molestation of a young child. Indeed, because appellant committed both offenses as an adult and assaulted each child victim in the same manner, we cannot say that the trial judge's decision to admit appellant's relatively old conviction was unreasonable. See Nelson v. State, 365 Ark. 314, 323, 229 S.W.3d 35, 43 (2006).

   We therefore affirm the trial judge's application of the pedophile exception because there is nothing in the record to show that he acted improvidently, thoughtlessly, or without due consideration.

   Finally, appellant argues that the trial judge erred by admitting his May 6, 1998 conviction and sentence without any accompanying factual details. Appellant reasons that those documents, standing alone, had no probative value because they did not provide the jury with any facts establishing appellant's plan, motive, opportunity, intent, or depraved sexual instinct and were capable of proving only that he was a bad person. Accordingly, appellant submits that even if the judge properly found that his prior conviction satisfied the pedophile exception based on pretrial evidence, he should have excluded it at trial after the prosecution failed to elicit any factual details. The State counters that appellant successfully blocked the introduction of the details of his prior conviction and that a party cannot appeal a favorable ruling below. See, e.g., Byrd v. State, 337 Ark. 413, 425, 992 S.W.2d 759, 765 (1999).

   We decline to address the point, however, because this particular argument was not raised below. Indeed, at trial, the State attempted to ask David Max Cook, the Creek County, Oklahoma District Attorney, about the details of appellant's prior conviction but was prevented from doing so by appellant's successful Confrontation Clause objection. After the bench conference at which the trial judge sustained appellant's objection, the State abruptly concluded its direct examination of Cook and moved to offer a certified copy of appellant's judgment and sentence into evidence. Appellant's trial counsel stated exactly as follows:

      We have seen it. Subject to our previous objection that the court has
      ruled on, Your Honor, we renew our objection.

   The trial judge then received the judgment and sentence into evidence, and appellant declined to cross-examine Cook.

   It is clear that appellant's "previous objection that the court ruled on" was that the pedophile exception did not apply to his prior conviction. On this final point on appeal, however, appellant distinctly shifts his position to argue that, regardless of whether the pedophile exception applies, the prosecution cannot introduce a prior

conviction without also introducing, through testimony or otherwise, the facts underlying the conviction.

> After thoroughly reviewing the trial proceedings, we find that appellant did not make this argument to the trial judge by way of a timely objection or motion. We have frequently held that a contemporaneous objection must be made to the trial court before we will review an alleged error on appeal. E.g., Hale v. State, 343 Ark. 62, 79–80, 31 S.W.3d 850, 861 (2000). Accordingly, to preserve his "conviction cannot stand alone" argument, appellant was required to raise the issue as soon as the State concluded its direct examination of Cook and the trial judge admitted the conviction and sentence. He did not, and indeed failed to do so throughout the rest of the trial, even in his motions for a mistrial and for a directed verdict. For that reason, we hold that the issue is not preserved for appellate review.

*Craigg v. State*,  2012 Ark. 387, 1-14.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."  A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
>   . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

Mr. Craigg argues that the Arkansas Supreme Court's decision in this regard was based on an unreasonable determination of the facts in light of the evidence adduced at trial.  Docket entry no. 1, page 4.  In particular, he argues that it was error to admit only the certified judgment of his conviction into evidence.  This argument holds some appeal at first glance, since the trial judge ruled prior to the trial that the Oklahoma conviction was admissible under the Arkansas rules of evidence

to show Craigg's motive, intent, or plan. Docket entry no. 8, Respondent's Exhibit 3, volume 1, page 132. The argument of Craigg is that the prior conviction alone, without any other details of the crime, did not show his motive, intent, or plan, and its only purpose was to demonstrate him to be a bad person. The flaw in this argument, however, is that the reason the conviction alone was admitted is that Craigg's attorneys successfully objected to the introduction of the factual basis for the prior conviction. Specifically, the trial judge ruled that the conviction could be admitted, but that the age of the victim and the allegations underlying the conviction was not admissible. Docket entry no. 8, Respondent's Exhibit 3, Volume 1, pages 258-9. Thus, the trial judge ruled in Craigg's favor in excluding the factual basis for the prior conviction and the age of the victim.

There is a second, more compelling, reason that relief is unavailable due to the alleged trial court error. A challenge to a particular ruling by the trial judge is, in the context of a habeas corpus petition, a claim that the petitioner was denied due process.

> In order to establish a denial of due process, the petitioner must prove that the asserted error was so gross, *Taylor v. Minnesota*, 466 F.2d 1119, 1121 (8th Cir. 1972), *cert. denied*, 410 U.S. 956 (1973), conspicuously prejudicial, *United States ex rel. Cannon v. Maroney*, 373 F.2d 908, 910 (3rd Cir. 1967), or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process. *Lisenba v. California*, 314 U.S. 219 (1941). In making this determination, the courts must review the totality of the facts in the case pending before them and analyze the fairness of the particular trial under consideration.

*Maggitt v. Wyrick*, 533 F.2d 383 (8th Cir. 1976). See also *Kennedy v. Kemma*, 666 F.3d 472, 481 (8th Cir. 2012).

In this instance, even if we were to assume error in the trial judge's decision, we find that the error was not one of constitutional dimension. Put another way, the trial was not fatally infected by the trial judge's ruling, even if erroneous. This is so because the trial did not hinge on this ruling. To the contrary, we have carefully reviewed the trial transcript, including the pretrial hearing, and the Rule 37 proceedings, and find the evidence against Mr. Craigg was overwhelming without reference to the Oklahoma conviction. The 14 year old victim's testimony was more than adequate to convict Mr. Craigg, and the supporting witnesses provided ample corroboration of the events.

It is noteworthy that the victim immediately exited Craigg's company and reported the crime as soon as possible. The victim's testimony was clear as to what occurred, and this testimony overshadowed any other evidence in the case, including the trial judge's ruling with regard to the Oklahoma conviction. There is no merit to claim one.

**The trial court and the Arkansas Supreme Court erred in ruling that the pedophile exception applied**: The second claim of Mr. Craigg is somewhat related to the first. In this claim he claims that the pretrial hearing testimony elicited from Shannon Cozzoni, previously a prosecuting attorney in Oklahoma, resulted in the erroneous admission of the Oklahoma conviction. Ms. Cozzoni testified that the Oklahoma victim, a four-year old girl, alleged Craigg performed oral sex on her but that the transcript of the Oklahoma proceedings showed the child alleged Craigg touched her privates with his hands[2]. According to Craigg, a proper understanding of the Oklahoma proceedings would have resulted in the exclusion of the Oklahoma conviction because the two crimes, properly understood, were not similar. It is not clear that he is correct in this assumption, as this requires some speculation on what the trial court would have done. What is clear, however, is that, as previously discussed with regard to ground one, any error in this regard was not a violation of the petitioner's due process rights. Ground two is without merit.

**Ineffective assistance of counsel when his attorneys failed to object, move to strike, or move for a mistrial based upon the lack of 404(b) evidence:** Mr. Craigg faults his attorneys, alleging they "should have objected [that the certified judgment of Oklahoma conviction] is not relevant to any fact or consequence. Without knowing what an Oklahoma conviction of lewd molestation is, or any relevant facts of that case, the jury cannot possibly find this evidence relevant for anything except I am a bad person who does bad things." Docket entry no. 1, page 6. This claim

---

[2]The transcript of an Oklahoma hearing, produced at the Rule 37 hearing, shows the victim's mother testified that her daughter told her that Craigg performed oral sex on her, while the victim herself testified that Craigg touched her with his hands. Docket entry no. 8, Respondent's Exhibit 9, pages 187, 243-44.

was raised in the petitioner's Rule 37 hearing and on direct appeal, where the Arkansas Supreme

Court addressed the issue:

> As his first claim of ineffective assistance of counsel, appellant alleged that his trial attorney failed to investigate the prior offense and obtain a transcript of the proceedings in the case. He contended that counsel should have put on testimony to show that the Oklahoma offense was not relevant and that counsel should have moved for mistrial when proof of the prior offense was introduced into evidence. He failed, however, to demonstrate that there was any specific information that counsel could have acquired from the transcript of the Oklahoma proceeding to produce a different outcome. In brief, petitioner argued that counsel could have done more without providing any basis on which counsel could have challenged the introduction of the prior conviction. The allegation was not supported by facts sufficient to establish that appellant was prejudiced by counsel's conduct to the extent that there is a reasonable probability that, but for counsel's error, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the error. A conclusory claim is not a ground for postconviction relief. *Munnerlyn v. State,* 2013 Ark. 339 (per curiam); *Glaze v. State,* 2013 Ark. 141 (per curiam). The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Thacker v. State,* 2012 Ark. 205 (per curiam); *Jones v. State,* 2011 Ark. 523 (per curiam); *Payton v. State,* 2011 Ark. 217 (per curiam).

*Craigg v. State*, 2014 Ark. 71, at page 3.

As previously noted, when the state courts have ruled on an issue, as with this claim,

relief is unavailable unless the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court" or the state court's decision "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2).  The state courts

correctly cited and relied upon the controlling federal law as set forth in *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  Thus, the challenge of Mr. Craigg must be to the

reasonableness of the state court determination.  We find no error.  First, the *Strickland* analysis

requires a showing of both attorney error *and* prejudice.  Even if we assume attorney error, the

state courts found, and we agree, that Craigg does not establish that the result of the case would

have been different absent the attorney error.  Second, we are reminded that Craigg's attorneys

chose to attempt to exclude any evidence about the Oklahoma conviction, and they were successful in this strategy.[3]  There is no merit to the claim of ineffective assistance of counsel.

**The Arkansas Supreme Court reconstructed petitioner's argument on direct appeal, depriving him of due process by failing to address his argument that the trial court erred when it admitted into evidence the prior conviction without any  additional facts about the conviction:** This claim of denial of due process fails for the reasons previously cited herein – in order to prevail on a due process claim, the petitioner must demonstrate an egregious error that fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process.  We have reviewed the entire record and find no denial of due process with regard to the introduction of the Oklahoma conviction.  This ground is without merit.

Therefore, we recommend that the claims of Mr. Craigg be dismissed  and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this __10__ day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]One of Craigg's trial attorneys, Gregg Parrish, stated that it was "trial strategy" to keep the jury from hearing the facts and substance of the prior case.  Docket entry no. 8, Respondent's exhibit 3, page 144.